UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RAY TOLIVER,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>   Defendant. | Case No. ED CV 14-1751-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance Benefits ("DIB"). He claims that the Administrative Law Judge ("ALJ") erred when he rejected a treating doctor's opinion, failed to consider the Veteran's Administration ("VA") disability rating, and found that Plaintiff could perform his past work. For the following reasons, the ALJ's decision is reversed and the case is remanded for further proceedings.

## II. SUMMARY OF PROCEEDINGS

In April 2008, Plaintiff applied for DIB, alleging that he had been disabled since October 2006, due to a back injury from a car

accident. (Administrative Record ("AR") 224-28, 256, 261.) His application was denied. He then requested and was granted a hearing before an ALJ. In March 2010, he appeared with counsel at the hearing and testified. (AR 11-34.) The ALJ subsequently denied benefits. (AR 91-101.) Plaintiff appealed to the Appeals Council, which granted review and remanded the case for further consideration. (AR 106-09.) In September 2012, Plaintiff and his counsel attended a second administrative hearing before a different ALJ. (AR 37-84.) In October 2012, that ALJ issued a decision, granting benefits for a closed period--from August 1, 2008 to December 31, 2009--and denying benefits for the periods October 16, 2006 to July 31, 2008 and January 1, 2010 to December 31, 2011. (AR 1139-58.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-6.) He then filed this action, challenging the ALJ's decision that he was not disabled after December 31, 2009.

### III.   ANALYSIS

A.   The Treating Doctor's Opinion

Plaintiff's treating doctor, Dr. Neville Alleyne, opined in June 2010 that Plaintiff would be unable to lift or carry any weight frequently but would be able to lift and carry up to 20 pounds occasionally. (AR 726.) Despite Dr. Alleyne's opinion, the ALJ determined that, as of January 1, 2010, Plaintiff could perform light work, meaning that he could lift and carry up to ten pounds frequently and 20 pounds occasionally.[1] (AR 1152.) In so doing, the ALJ gave

---

[1] The ALJ imposed other limitations, not at issue here, including restrictions on pulling and pushing with the left leg, reaching above shoulder height, and performing complex and detailed work activity. (AR 1152.)

"some weight" to Dr. Alleyne's June 2010 opinion, explaining that it was consistent with the ALJ's residual functional capacity determination in that Dr. Alleyne opined that Plaintiff could not perform heavy work and was precluded from repetitive stooping and bending. (AR 1157.) The ALJ gave "great weight" to the opinions of the two examining doctors, who concluded that Plaintiff could lift and carry 25 pounds frequently and 50 pounds occasionally. (AR 1154, 1155, 1156-57.)

All things being equal, ALJs are required to favor treating doctors' opinions over non-treating doctors' opinions. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *see also Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (explaining treating doctor "is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual'"). An ALJ may reject the opinion of a treating doctor in favor of a conflicting opinion of an examining doctor for specific and legitimate reasons that are supported by substantial evidence in the record. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007) (quoting *Orn*, 495 F.3d at 632).

The ALJ erred by failing to provide any reasons, let alone specific and legitimate ones, for rejecting Dr. Alleyne's opinion that Plaintiff could not lift any weight more than occasionally. As such, remand on this issue is required.

The Agency disagrees. It contends that the ALJ's determination was consistent with Dr. Alleyne's treatment notes and that the opinion Dr. Alleyne expressed in his June 2010 check-the-box form was not supported by the evidence. (Joint Stipulation at 8-9.) The problem with these arguments is that the ALJ did not make them. The Court may

not affirm the ALJ's findings for reasons not cited by the ALJ. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Therefore, this issue is remanded to the Agency for further consideration.

B.   <u>The VA Disability Rating</u>

Plaintiff contends that the ALJ erred by failing to address a May 2012 Department of Veterans Affairs finding that he had a service-connected disability rating of 80 percent. (Joint Stip. at 13-15.) For the following reasons, this issue is remanded for further consideration.

The VA's disability rating is ordinarily entitled to great weight in a social security disability case. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Although an ALJ is not required to simply adopt a VA disability rating, he must consider it in reaching his decision. *Id.* at 1076. Furthermore, because the two programs are so similar, the ALJ's decision to discount a VA rating will only be upheld if the ALJ provides "persuasive, specific, valid reasons for doing so that are supported by the record". *Id.*

Here, the ALJ did not mention the May 2012 VA rating and some earlier ratings. This was error. Further, though he did mention a February 2009 rating, he did not discuss it. On remand, he should address these ratings in detail.

The Agency argues that the ALJ was not obliged to consider the May 2012 rating because it was completed after Plaintiff's date last insured (December 31, 2011). (Joint Stip. at 15-17.) Plaintiff dismisses this argument. He contends that the date last insured should have been extended to June 30, 2013 because he was found disabled from August 2008 to December 2009. (Joint Stip. at 14-15,

18-19.)  He argues further that the May 2012 rating came about through an appeal of a November 2011 rating and, therefore, the May 2012 rating should be deemed effective November 2011.

The Court leaves the issue of the date last insured and the significance of any reports after that date for the ALJ to resolve in the first instance.  The Court notes, however, that opinions rendered after a claimant's disability insurance lapses are often relevant to the disability analysis.  *See generally Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) (noting general rule that "reports containing observations made after the period for disability are relevant to assess the claimant's disability."); *see also Lingenfelter*, 504 F.3d at 1033 n.3 (noting medical reports made after the claimant's disability insurance lapsed were relevant and were properly considered by the ALJ and the Appeals Council).  The Court also notes that the ALJ relied on a June 2012 opinion of a consulting examiner in finding that Plaintiff's condition had improved.  (AR 1155.)  Presumably, if a doctor's opinion after the date last insured is relevant to the disability determination, so, too, is the VA's rating from the month before the doctor's opinion.

C.  <u>Plaintiff's Past Work</u>

Plaintiff contends that the ALJ misspoke when he concluded that Plaintiff could perform his past relevant work after January 1, 2010, because the vocational expert testified that he could not do that work.  (AR 75, 1157-58.)  Plaintiff acknowledges that the error was harmless (since the vocational expert opined that there was other work he could perform) but requests that the Court correct the record and conclude that Plaintiff could not perform his past relevant work so as not to prejudice him in future applications.  (AR 76; Joint Stip. at

19-21.)  The Agency does not contend that the ALJ did not err, it merely argues that the Court should ignore the error because it was harmless.  On remand, the ALJ should make clear whether Plaintiff is capable of performing his past work as a sales representative and/or merchandise distributor.

## IV.  CONCLUSION

The Agency's decision denying Plaintiff's applications is hereby reversed and the case is remanded for further consideration.[2]

IT IS SO ORDERED.

DATED: March 29, 2016

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\TOLIVER, C 1751\Memorandum Opinion and Order.wpd

---

[2] Plaintiff contends that the Court should credit Dr. Alleyne's opinion as true and remand the case for an award of benefits. (Joint Stip. at 8, 13, 21.)  The Court declines to do so.  The Agency argues that Dr. Alleyne's opinion on a check-the-box form should not be accepted because it is inconsistent with his treatment notes and not supported by the medical evidence.  The ALJ needs to resolve these alleged conflicts before it can be determined whether Plaintiff is entitled to benefits. *See Dominguez v. Colvin*, 808 F.3d 403, 407-09 (9th Cir. 2015), as amended (Feb. 5, 2016) (holding district court must first determine record is "fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved" before crediting improperly discredited evidence as true).